1
2
3
4
5
6
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11   CARL EUGENE GOWDY,                    Case No. CV 20-9944-CJC (PD)

12                    Petitioner,          **ORDER TO SHOW CAUSE RE:**
                                           **DISMISSAL OF HABEAS**
13          v.                             **PETITION**

14   BRIAN KIBLER, Warden,

15                    Respondent.

16

17        On October 21, 2020, Petitioner Carl Eugene Gowdy filed a Petition

18   under 28 U.S.C. § 2254 challenging his 2011 state conviction for murder.

19   The Court issues this Order to Show Cause directed to Petitioner because the

     face of the Petition suggests that it is an unauthorized second or successive
20
     petition.
21

22   **I.      Procedural History**

23        In 2011, a Los Angeles Superior Court jury convicted Petitioner of first-

24   degree murder and found true several sentencing enhancements.  Petitioner

     was sentenced to fifty years to life in state prison.  Petitioner appealed, and
25
     the California Court of Appeal affirmed the judgment in September 2012.
26

27

28

[Dkt. No. 1 at 2-3.][1] Petitioner then filed a petition for review in the California Supreme Court, which denied the petition on December 12, 2012.[2] He did not file a petition for a writ of certiorari in the United States Supreme Court, and his conviction became final on March 12, 2013. *See* 28 U.S.C. § 2244(d)(1)(A); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). In 2013 and 2014, Petitioner filed three unsuccessful state habeas petitions in the California Supreme Court, the last of which was denied in August 2014. [*See* Case No. 14-8481-FFM, Lodged Doc. Nos. 10-15.]

In January 2013, Petitioner filed his first petition in this Court, which was dismissed the same month without prejudice because it was unexhausted. [*See* Case No. 13-569-CJC (FFM) Dkt. Nos. 1, 4.]

In October 2014, Petitioner filed a second habeas petition (the "2014 Petition") in this Court. In May 2015, the Court dismissed the 2014 Petition with prejudice as time-barred, as it was filed more than one year after the conviction became final.[3] [Case No. 14-8481-FFM, Dkt. Nos. 1, 20, & 21.]

Over five years later, in October 2020, Petitioner initiated this action.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Under this

---

[1] The Court uses the page numbers inserted on the pleadings by the electronic docketing system.

[2] Petitioner alleges that he did not seek review in the California Supreme Court. [Dkt. No. 1 at 3.] However, documents lodged with the 2014 Petition disprove this allegation. [*See* Case No. 14-8481-FFM, Lodged Doc. Nos. 8-9.]

[3] Petitioner alleges that the 2014 Petition was dismissed without prejudice. [Dkt. No. 1 at 4.] His first petition was dismissed without prejudice; however, the 2014 Petition was dismissed with prejudice in May 2015.

procedure, "[a]n individual seeking to file a 'second or successive' application must move in the appropriate court of appeals for an order directing the district court to consider his application." *Martinez-Villareal*, 523 U.S. at 641. Thereafter, the appellate court "may authorize the filing of a second or successive application only if it determines that the application makes a *prima facie* showing that the application satisfies the requirements of" the AEDPA. 28 U.S.C. § 2244(b)(3)(C); *Morales v. Ornoski*, 439 F.3d 529, 531 (9th Cir. 2006). If, however, a petitioner files a second petition without obtaining authorization from the appropriate court of appeals to do so, the district court is "without jurisdiction to entertain [the second petition]." *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

Here, the 2014 Petition was denied with prejudice. The current Petition challenges the same judgment as the 2014 Petition. Petitioner does not allege that he obtained the requisite authorization from the Ninth Circuit to file a second or successive petition in this Court challenging his 2011 conviction. The current Petition, therefore, appears to be an unauthorized second or successive petition. *See McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) ("[D]ismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA.") (citation omitted).

Accordingly, it appears that the Court lacks jurisdiction to consider the Petition.

## III. Conclusion

Petitioner is ordered show cause as to why this action should not be dismissed without prejudice as an unauthorized second or successive petition **no later than March 26, 2021**. If Petitioner alleges that he has obtained authorization from the Ninth Circuit to file a second or successive petition challenging his 2011 conviction, he must lodge with the Court the order from the Ninth Circuit authorizing this Petition. Finally, Petitioner is admonished

3

that if he does not file a response to this Order by March 26, 2021, the action may be dismissed for lack of jurisdiction and for failure to prosecute.

**IT IS SO ORDERED.**

DATED: February 22, 2021

PATRICIA DONAHUE

PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE